**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

*Counsel for Narinder Singh Gahra,*
*Pritam Kaur and PK Business Capital Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| JAR 259 FOOD CORP., | Case No.: 22-40304-jmm |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| YANN GERON, as Chapter 7 Trustee of Jar 259 Food Corp., | Adv. Pro. No.: 24-01030-jmm |
| Plaintiff, | |
| -against- | |
| ACCUFAST HOLDINGS, LLC d/b/a/ SECURITY TITLE SERVICES, CATALYST BUSINESS PARTNERS LLC, NARINDER SINGH GAHRA, PRITAM KAUR, KAMLESH C. MEHTA FAMILY LLC, KAMLESH MEHTA a/k/a KAMLESH C. METTA, PARK HILLSIDE REALTY, LLC, PK BUSINESS CAPITAL INC., JAGADEESAN V. POOLA and SILVER STAR FOODS, INC., | |
| Defendants. | |

-------------------------------------------------------------x

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Narinder Singh Gahra, Pritam Kaur and PK Business Capital Inc. (collectively, the "Defendants"), by and through their counsel, the Law Offices of Avrum J. Rosen, PLLC, hereby submit this answer and assert affirmative and other defenses (the "Answer") to the complaint (the

1

"Complaint") filed by Yann Geron (the "Plaintiff"), as Chapter 7 Trustee of Jar 259 Food Corp. (the "Debtor"), and respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Defendants are without knowledge or information sufficient to admit or deny the allegations in the "PRELIMINARY STATEMENT" of the Complaint. To the extent a response is required, Defendants deny all such allegations.

## INTRODUCTION

2. Defendants admit the allegations in paragraph 1 of the Complaint.

3. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 2 through 9 of the Complaint, but to the extent that Plaintiff attempts to describe the Court record and/or documents filed within the bankruptcy case underlying this adversary proceeding, such matters are of record in the Court and speak for themselves.

## BASIS FOR RELIEF

4. Paragraph 10 of the Complaint does not contain any allegations, but rather describes the nature of the claims asserted by Plaintiff. To the extent paragraph 10 contains any allegations, Defendants deny all such allegations and demand strict proof thereof.

## JURISDICTION

5. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint, but to the extent that Plaintiff attempts to describe the Court record and/or documents filed within the bankruptcy case underlying this adversary proceeding, such matters are of record in the Court and speak for themselves.

6. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 12.

7.      Paragraph 13 of the Complaint does not contain any allegations against Defendants. Answering further, Defendants do not consent to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

8.      Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in paragraph 14.

## PARTIES

9.      Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 15 through 20 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

10.     Defendants admit paragraphs 21 through 22 of the Complaint.

11.     Defendants deny paragraph 23 of the Complaint.

12.     Defendants admit paragraph 24 of the Complaint to the extent that Defendant Narinder (as defined in the Complaint) is a relative of Singh (as defined in the Complaint), but otherwise deny all other allegations paragraph 24 of the Complaint.

13.     Defendants admit paragraphs 25 through 28 of the Complaint.

14.     Defendants admit paragraph 29 of the Complaint to the extent that Defendant Pritam (as defined in the Complaint) is a relative of Singh, but otherwise deny all other allegations paragraph 29 of the Complaint.

15.     Defendants admit paragraphs 30 through 31 of the Complaint.

16.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 32 through 34 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

17. Defendants admit the allegations in paragraph 35 of the Complaint.

18. Defendants deny the allegations in paragraph 36 of the Complaint.

19. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 37 through 38 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

20. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 39 through 42 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

21. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 43 of the Complaint.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 44 through 51 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

   **a. The Debtor's Financial History, Distress and Mounting Debt Precipitating the Bankruptcy Filing**

      *1. Economic Challenges Preceding the Petition Date*

23. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 52 through 63 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

      *2. Mounting Financial Pressures and New Debt Commitments*

24. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 64 of the Complaint.

25. Defendants refer to the Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 65 of the Complaint.

26. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 66 of the Complaint.

27. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 67 through 72 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

28. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 73 of the Complaint.

29. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 74 of the Complaint.

**b. The Debtor's SBA Loan Immediately Prior to its Bankruptcy Filing**

30. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 75 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

31. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 76 of the Complaint.

32. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 77 through 85 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

### c. Debtor's Transfer of SBA Loan Proceeds and Other Property to the Defendants

#### 1. *Debtor's Transfer of the First SBA Deposit to Debtor Affiliates*

33. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 86 through 87 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

#### 2. *Debtor's Transfer of the Second SBA Deposit to One or More Defendants as Initial or Subsequent Transferees*

34. Defendants deny the allegations in paragraphs 88 through 90 of the Complaint.

#### a. Narinder's Subsequent Transfers to KCM Family

35. Defendants deny the allegations in paragraph 91 of the Complaint.

36. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 92 of the Complaint.

37. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 93 of the Complaint.

38. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 94 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

39. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 95 of the Complaint, but to the extent that Plaintiff attempts to describe the Court record and/or documents filed within the bankruptcy case underlying this adversary proceeding, such matters are of record in the Court and speak for themselves. To the extent a response is required, Defendants deny all such allegations.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 96 through 97 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

41. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 98 of the Complaint.

42. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 99 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

### b. Narinder's Subsequent Transfers to Pritam

43. Defendants deny the allegations in paragraphs 100 through 102 of the Complaint.

44. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 103 of the Complaint.

45. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 104 of the Complaint.

46. Defendants deny the allegations in paragraph 105 of the Complaint.

47. Defendants refer to the Second Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 106 of the Complaint.

48. Defendants deny the allegations in paragraph 107 of the Complaint.

49. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 108 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

### c. Narinder's Subsequent Transfers to Purported Third Parties

50. Defendants deny the allegations in paragraphs 109 through 110 of the Complaint.

### d. Pritam's Subsequent Transfers to Other Defendants

51. Defendants deny the allegations in paragraphs 111 through 112 of the Complaint.

### e. Pritam's Subsequent Transfers Back to Narinder for Real Property Purchase Using SBA Loans

52. Defendants deny the allegations in paragraphs 113 through 114 of the Complaint.

53. Defendants admit the allegations in paragraph 115 of the Complaint to the extent that Pritam entered into a contract of sale for the Purchase of the Indiana Property as defined the Complaint and otherwise deny the allegations in paragraph 115 of the Complaint.

54. To the extent that Plaintiff attempts to describe the contract of sale for the Indiana Property as referenced in paragraph 116 of the Complaint, that document speaks for itself,

Defendants refer to that document for its complete and accurate content, and Defendants otherwise deny the allegations in paragraph 116 of the Complaint.

55. Defendants deny the allegations in paragraphs 117 through 120 of the Complaint.

56. Defendants admit the allegations in paragraph 121 of the Complaint to the extent that Pritam closed on the purchase of the Indiana Property and still owns the Indiana Property, and otherwise deny the allegations in paragraph 121 of the Complaint.

57. Defendants admit the allegations in paragraph 122 of the Complaint.

### 3. *The Subsequent Transfers from Debtor Affiliates*

58. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 123 through 135 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

### 4. *The Debtor's Frequent Transfer of Money to Debtor Affiliates, Insiders and Parties to which it had no Financial Obligation, Rendered the Debtor Insolvent and Came at the Expense of the Debtor's Creditors*

59. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 136 through 156 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

### 5. *The Bankruptcy Filing*

60. Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 157 of the Complaint.

61. The Defendants admit the allegations in paragraph 158 of the Complaint.

62.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 159 of the Complaint, but to the extent that Plaintiff attempts to describe the Court record and/or documents filed within the bankruptcy case underlying this adversary proceeding, such matters are of record in the Court and speak for themselves. To the extent a response is required, Defendants deny all allegations in paragraph 159 of the Complaint.

63.     Defendants refer to the First Singh Declaration as defined in the Complaint for its complete and accurate content, and otherwise deny the allegations in paragraph 160 of the Complaint.

64.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 161 through 164 of the Complaint. To the extent a response is required, Defendants deny all such allegations.

## CAUSES OF ACTION

65.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraphs 231 through 333 and 348 through 378 of the Complaint, and state that such allegations are not made against Defendants. To the extent that any such allegations are made against Defendants and/or are relevant to allegations made against Defendants, Defendants deny all such allegations and demand strict proof thereof.

### FIRST CAUSE OF ACTION
**Avoidance and Recovery of Intentional Fraudulent Transfers**
**(11 U.S.C. §§ 548(a)(1)(A), 550 and 551)**
**(Against Defendant Narinder)**

66.     In response to paragraph 165 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 164 of the Complaint set forth above.

67.     Defendants deny the allegations in paragraphs 166 through 187 of the Complaint.

## SECOND CAUSE OF ACTION
**Avoidance and Recovery of Constructive Fraudulent Transfer**
**(11 U.S.C. §§ 548(a)(1)(A), 550 and 551)**
**(Against Defendant Narinder)**

68. In response to paragraph 188 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 187 of the Complaint set forth above.

69. Defendants deny the allegations in paragraphs 189 through 196 of the Complaint.

## THIRD CAUSE OF ACTION
**Avoidance of Preferential Transfer from an "Insider"**
**(11 U.S.C. §§ 547(b), 550)**
**(Against Defendant Narinder)**

70. In response to paragraph 197 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 196 of the Complaint set forth above.

71. Defendants deny the allegations in paragraphs 198 through 210 of the Complaint.

## FOURTH CAUSE OF ACTION
**Recovery of Subsequent Transfers**
**(11 U.S.C. §§ 550 and 551)**
**(Against Defendant Pritam)**

72. In response to paragraph 211 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 210 of the Complaint set forth above.

73. Defendants deny the allegations in paragraphs 212 through 230 of the Complaint.

## ELEVENTH CAUSE OF ACTION
**Recovery of Subsequent Transfers**
**(11 U.S.C. §§ 550 and 551)**
**(Against Defendant PK Business)**

74. In response to paragraph 334 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 333 of the Complaint set forth above.

75. Defendants deny the allegations in paragraphs 335 through 347 of the Complaint.

**FOURTEENTH CAUSE OF ACTION**
**Recovery of Avoidable Transfers or Value Thereof from All Initial,**
**Immediate or Mediate Transferees**
**11 U.S.C. §§ 502(d) and (j))**
**(Against All Defendants)**

76. In response to paragraph 379 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 378 of the Complaint set forth above.

77. Defendants deny the allegations in paragraphs 380 through 381 of the Complaint.

**FIFTEENTH CAUSE OF ACTION**
**Unjust Enrichment**
**Common Law (New York Unless Otherwise Provided for)**
**(Against All Defendants)**

78. In response to paragraph 382 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 381 of the Complaint set forth above.

79. Defendants deny the allegations in paragraphs 383 through 392 of the Complaint.

**SIXTEENTH CAUSE OF ACTION**
**Disallowance of All Claims**
**(11 U.S.C. §§ 502(d) and (j))**
**(Against All Defendants)**

80. In response to paragraph 393 of the Complaint, Defendants adopt and incorporate by reference herein their responses to paragraphs 1 through 392 of the Complaint set forth above.

81. Defendants deny the allegations in paragraphs 394 through 398 of the Complaint.

**PRAYER FOR RELEIF**

82. The "WHEREFORE" paragraph, which immediately follows paragraph 398 of the Complaint states various demands for relief to which no response is required but, should a response be required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

83. Defendants assert the following affirmative defenses and other defenses without assuming the burden of proof or production that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

84. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

85. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 7009(b) of the Federal Rules of Bankruptcy Procedure, the Complaint fails to plead fraud with particularity.

## THIRD AFFIRMATIVE DEFENSE

86. Some or all of the alleged transfers sought in the Complaint are exempt from recovery as all elements of a *prima facie* case under sections 544, 547, 548, 550 and/or 551 of Title 11 of the United States Code (the "Bankruptcy Code") are not met.

## FOURTH AFFIRMATIVE DEFENSE

87. The entry into a guaranty is not a fraudulent agreement and/or does not qualify as a predicate creditor under either the Bankruptcy Code or the New York Debtor and Creditor Law.

## FIFTH AFFIRMATIVE DEFENSE

88. Some or all of the alleged transfers sought in the Complaint are exempt from recovery by Plaintiff, and/or Defendants have a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, pursuant to section 548(c) of the

Bankruptcy Code, as Defendants at all times took such alleged transfers for value and in good faith within the meaning of that statute.

### SIXTH AFFIRMATIVE DEFENSE

89. Some or all of the alleged transfers sought in the Complaint are exempt from recovery by Plaintiff pursuant to section 550(b) of the Bankruptcy Code, as Defendants at all times took such alleged transfers for value, in good faith, and without knowledge of the voidability of the alleged transfers, within the meaning of that statute.

### SEVENTH AFFIRMATIVE DEFENSE

90. Some or all of the transfers sought in the Complaint are exempt from recovery by Plaintiff pursuant to the limitations of section 550(d) of the Bankruptcy Code, limiting the Plaintiff to a single recovery.

### EIGHTH AFFIRMATIVE DEFENSE

91. Some or all of the alleged transfers were used by the Defendants to pay debts owed by the Debtor to its own creditors.

### NINTH AFFIRMATIVE DEFENSE

92. Plaintiff cannot recover the alleged transfers sought in the Complaint to the extent they do not constitute transfers of property of the Debtor's estate.

### TENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or reach-back period.

### ELEVENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred because, at all relevant times, Defendants acted in good faith and have not violated any rights secured to Plaintiff under any federal, state, or local rules, regulations, or guidelines.

### TWELFTH AFFIRMATIVE DEFENSE

95. Plaintiff's request for relief to disallow any claims held by Defendants against the Debtor or the Plaintiff pursuant to Sections 502(d) and (j) of the Bankruptcy Code should be dismissed as premature, as no judgment has been entered against Defendants concerning any of the alleged avoidable transfers in the Complaint.

### RESERVATION OF RIGHTS

96. Defendants have yet to avail themselves of their right to discovery, and do not fully know the circumstances alleged in Plaintiff's Complaint. Therefore, Defendants hereby notify Plaintiff that, until Defendants can avail themselves of their right to discovery, it cannot be determined whether or not Defendants will assert the above-stated affirmative and other defenses at trial, or whether those will be the only such defenses asserted. Such defenses, however, are asserted in Defendants' Answer to provide Plaintiff with notice of Defendants' intention to assert such defenses and to avoid any issue of waiver of any such defenses. Defendants reserve their right to amend this Answer and/or to assert additional defenses as the course of discovery and investigation progresses.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, Defendants respectfully request that the Court: (i) deny the relief sought by the Complaint and enter judgment dismissing the Complaint; (ii) grant Defendants their costs, disbursements and attorneys' fees in defending this adversary proceeding; together with (iii) such other, further and different relief as this Court deems just, proper and equitable.

Dated: July 24, 2024  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By:    */s/ Avrum J. Rosen*  
      Avrum J. Rosen, Esq.  
      Alex E. Tsionis, Esq.  
      38 New Street  
      Huntington, New York 11743  
      (631) 423-8527  
      arosen@arjlawny.com  
      atsionis@ajrlawny.com

      *Counsel for Narinder Singh Gahra,*  
      *Pritam Kaur and PK Business Capital Inc.*