| | |
|---|---|
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Fred Stevens<br>Brendan M. Scott<br>Kathleen M. Aiello | **Presentment Date: August 29, 2024**<br>**Presentment Time: 12:00 p.m. (ET)**<br><br>**Objection Deadline: August 28, 2024** |

*Special Litigation Counsel to Plaintiff Yann*
 *Geron, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                :
                                                                          :        Chapter 7
JAR 259 FOOD CORP.,                                  :
                                                                          :        Case No. 22-40304 (JMM)
                                        Debtor.            :
-----------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of         :
Jar 259 Food Corp.,                                        :
                                                                          :
                                        Plaintiff,            :
                                                                          :
            -against-                                             :        Adv. Pro. No. 24-01030
                                                                          :        (JMM)
                                                                          :
ACCUFAST HOLDINGS, LLC d/b/a/            :
SECURITY TITLE SERVICES, CATALYST   :
BUSINESS PARTNERS LLC, NARINDER    :
SINGH GAHRA, PRITAM KAUR,                   :
KAMLESH C. MEHTA FAMILY LLC,          :
KAMLESH MEHTA a/k/a KAMLESH C.      :
METTA, PARK HILLSIDE REALTY, LLC,   :
PK BUSINESS CAPITAL INC.,                        :
JAGADEESAN V. POOLA and SILVER       :
STAR FOODS, INC.,                                         :
                                                                          :
                                        Defendants.      :
-----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SETTLEMENT AGREEMENT BETWEEN YANN GERON, IN HIS CAPACITY AS TRUSTEE OF THE ESTATE OF JAR 259 FOOD CORP., AND CATALYST BUSINESS PARTNERS LLC**

TO ALL CREDITORS AND PARTIES IN INTEREST OF THE DEBTOR AND THE OFFICE OF THE UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE** that upon the Notice of Presentment of the Settlement Agreement, dated August 3, 2024 (the "Agreement"), between Yann Geron (the "Trustee"), as chapter 7 trustee of the estate of Jar 259 Food Corp. (the "Debtor"), the debtor in the above-captioned bankruptcy proceeding (the "Bankruptcy Case"), and plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and Adversary Proceeding defendant, Catalyst Business Partners, LLC ("CPB"), annexed hereto as **Exhibit A**, seeking this Court's approval of the Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, as modified by, and made applicable to this Adversary Proceeding by, the *Order Establishing Streamlined Procedures Governing Certain Adversary Proceedings Against "Insiders' and Subsequent Transferees Brought by the Chapter 7 Trustee Pursuant to Sections 502, 544, 547, 548, 550 and 551 of the Bankruptcy Code and New York State Law*, which was entered as docket number 348 in the Bankruptcy Case and docket number 35 in the Adversary Proceeding (the "Procedures Order"), the undersigned will present the annexed Agreement to be so-ordered by the Court on the 29th day of August, 2024, at 12:00 noon (the "Presentment Date"), to the Honorable Jil Mazer-Marino, Jr., United States Bankruptcy Judge, in chambers, United States Bankruptcy Court, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, New York 11201.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the annexed Agreement shall be filed as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 476), which may be accessed through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, and (ii) in portable document format (PDF) Case using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope. A hard copy of the objection, whether filed pursuant to section (a) or (b), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Jil Mazer-Marino, and a hard copy shall be served upon: (i) Klestadt Winters Jureller Southard & Stevens LLP, Special Litigation Counsel to the Trustee, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Kathleen Aiello, Esq.; and (ii) the United States Trustee, Office of the United States Trustee, Eastern District of New York (Brooklyn Office), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Jeremy S. Sussman, Esq., so as to be actually received no later than one day prior to the Presentment Date.

**PLEASE TAKE FURTHER NOTICE** that if timely objections are filed and served, or if the Court so directs, a hearing will be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, at a date to be scheduled by the Court, upon such additional notice as the Court may direct.

Dated: New York, New York
        August 14, 2024

                        **KLESTADT WINTERS JURELLER**
                           **SOUTHARD & STEVENS, LLP**

By: */s/ Kathleen Aiello*
     Fred Stevens
     Brendan M. Scott
     Kathleen M. Aiello
     200 West 41st Street, 17th Floor
     New York, New York 10036-7203
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: fstevens@klestadt.com
             bscott@klestadt.com
             kaiello@klestadt.com

     *Special Litigation Counsel to Yann Geron, as Chapter 7 Trustee for Jar 259 Food Corp.*

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                            :
                                                                                     :    Chapter 7
JAR 259 FOOD CORP.,                                             :
                                                                                     :    Case No. 22-40304 (JMM)
                             Debtor.                :
-------------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of        :
Jar 259 Food Corp.,                                               :
                                                                                     :
                          Plaintiff,                 :
                                                                                     :
        -against-                                            :    Adv. Pro. No. 24-01030
                                                                                     :    (JMM)
                                                                                     :
ACCUFAST HOLDINGS, LLC d/b/a/            :
SECURITY TITLE SERVICES, CATALYST   :
BUSINESS PARTNERS LLC, NARINDER     :
SINGH GAHRA, PRITAM KAUR,                   :
KAMLESH C. MEHTA FAMILY LLC,            :
KAMLESH MEHTA a/k/a KAMLESH C.      :
METTA, PARK HILLSIDE REALTY, LLC,    :
PK BUSINESS CAPITAL INC.,                        :
JAGADEESAN V. POOLA and SILVER        :
STAR FOODS, INC.,                                        :
                                                                                     :
                         Defendants.          :
-------------------------------------------------------------x

**SETTLEMENT AGREEMENT BETWEEN YANN GERON, IN HIS CAPACITY AS
CHAPTER 7 TRUSTEE OF THE ESTATE OF JAR 259 FOOD
CORP., AND CATALYST BUSINESS PARTNERS**

This Settlement Agreement, dated August 1, 2024 (the "Agreement"), between Yann Geron, in his capacity as Chapter 7 Trustee ("Trustee") of the estate of Jar 259 Food Corp. ("Debtor"), and Catalyst Business Partners LLC ("CBP" or the "Defendant"), and together with the Trustee, the "Parties") has been entered into in order to resolve any and all claims between the Parties, and, in furtherance thereof, the Parties agree as follows:

1

**WHEREAS,** on February 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (this "Court") [ECF NO. 1].

**WHEREAS,** the Debtor elected to proceed under Subchapter V of Chapter 11.  Therefore, no official committee of unsecured creditors was appointed or established in this case.

**WHEREAS**, on February 22, 2022, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Debtor's case [ECF No. 3].

**WHEREAS**, the Debtor continued to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code from the Petition Date until September 29, 2022, when this Court entered the *Order Granting LCF's Motion to Convert Case to Chapter 7* [ECF No. 210].

**WHEREAS,** on October 3, 2022, Yann Geron was appointed as the interim Chapter 7 Trustee of the Debtor's estate [ECF No. 211].

**WHEREAS**, on November 3, 2022, the Trustee presided over the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code and became the permanent Trustee herein by virtue of section 704(d) of the Bankruptcy Code.

**WHEREAS**, on February 19, 2024, the Trustee commenced the above-captioned adversary proceeding by filing a complaint alleging that that during the approximate six-month period prior to the Petition Date, the Debtor made transfers to certain "insiders" and affiliates of the Debtor, which the Trustee alleges are transfers that are avoidable and recoverable pursuant to 11 U.S.C. §§ 544, 548, 550, 551 and sections 273-275, 278, and 279 of the New York Debtor & Creditor Law (the "Alleged Fraudulent Transfers").  The Alleged Fraudulent Transfers were

subsequently transferred to the Defendant in the aggregate amount of not less than $50,00.00, which transfers are alleged by the Trustee to be avoidable and recoverable pursuant to 11 U.S.C. § 550(a) (the "Alleged Avoidable Subsequent Transfers").

**WHEREAS**, the Defendant has denied that it has any liability arising from or relating to the Alleged Avoidable Subsequent Transfers.

**WHEREAS**, the Parties have determined to settle all disputes between them arising from or concerning the Alleged Avoidable Transfers, pursuant to the terms of this Agreement in order to avoid the costs and uncertainty of litigation.

**NOW, THEREFORE IT IS HEREBY AGREED** by and among the Parties as follows:

1. **Recitals Incorporated**. The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2. **Settlement Payment and Delivery**. Simultaneously with the execution of this Agreement, the Defendant shall pay the sum of twenty-eight thousand ($28,000.00) dollars (the "Settlement Payment") to the Trustee, by delivering a check made payable to "Yann Geron, as Chapter 7 Trustee of the estate of Jar 259 Food Corp." to the following address: Geron Legal Advisors, 370 Lexington Avenue, Suite 1101, New York, New York 10017, Attn: Yann Geron, Chapter 7 Trustee. At Defendant's request, the Trustee will provide the Defendant, under separate cover, with wire instructions for transmission of the Settlement Payment. Defendant believes that the Settlement Payment represents consideration provided by the Defendant to other defendants in the above-captioned adversary proceeding who transferred funds to the Defendant (either directly or indirectly). The Trustee does not oppose this position.

3. **Bankruptcy Court Approval Required**. This Agreement is subject in all respects to the approval of the Bankruptcy Court evidenced by the entry of a "so-ordered" version of this Agreement (an "Approval Order"). Provided that the Trustee's *Motion for an Order Establishing*

*Streamlined Procedures Governing Certain Adversary Proceedings against Insiders, Direct and Subsequent Transferees Brought by the Chapter 7 Trustee Pursuant to Sections 502, 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code and New York State Law* [Bankr. Case No. 22-40304 (JMM), ECF No. 337] (the "Procedures Motion") is approved by the Court, then the Trustee shall not be required to file a motion, pursuant to Federal Rule of Bankruptcy Procedure 9019, to approve the Agreement. The Trustee shall submit this Agreement to the Court to be "so-ordered" within five (5) business days of the Trustee's receipt of the fully executed Agreement along with the Settlement Payment. None of the Parties shall be bound by the provisions of this Agreement unless and until the Court "so-orders" this Agreement. If this Agreement is not approved by the Court for any reason, then, within ten (10) business days of entry of an order by the Bankruptcy Court denying the Agreement, the Trustee shall return the Settlement Payment to the Defendant and this Agreement shall be deemed null and void and of no force and effect.

4. **Conditions Precedent**. The terms of this Agreement shall become effective (the "Effective Date") upon satisfaction of the following conditions: (a) execution by the Parties of this Agreement; (b) receipt and clearance of the Settlement Payment by the Trustee; and (c) entry of a "so-ordered" version of the Agreement indicating the Court's approval of the settlement between the Parties.

5. **Stipulation of Dismissal with Prejudice**. Within ten (10) business days of the Effective Date, the Trustee's counsel shall file a stipulation of dismissal with prejudice of the Adversary Proceeding but solely as it relates to the Defendant. The Defendant agrees and consents to the inclusion of their counsel's electronic signature on such stipulation as authorized by this Agreement, provided it does not provide for anything other than the dismissal of this Adversary Proceeding with prejudice solely with respect to the Defendant.

4

6. **Release of Claims by the Trustee and the Debtor's Estate against the Defendant**. Upon the Effective Date, the Trustee on behalf of himself and the Debtor, its estate and creditors, shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against the Defendant which arise from or otherwise relate to the Debtor's bankruptcy case, including claims under sections 544, 548, 550 and 551 of the Bankruptcy Code, the complaint and the above-captioned Adversary Proceeding; provided, however, that the foregoing release in this paragraph 6 shall not apply to and shall not be deemed to release or discharge (i) any of the Defendant's express obligations arising under and pursuant to this Agreement, until such time as they are satisfied in full or rendered moot; or (ii) any claims relating to any breach of the obligations arising under and pursuant to this Agreement.

7. **Release of Claims by the Defendant**. Upon the Effective Date, the Defendant shall be deemed to have waived, set aside, discharged, settled, compromised, and released any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies they have, had or may have against the Trustee or the Debtor's estate which arise from or otherwise relate to the Debtor's bankruptcy case, the complaint and the above-captioned Adversary Proceeding; provided, however, that the foregoing release in this paragraph 7 shall not apply to and shall not be deemed to release or discharge (i) any of the Trustee's express obligations arising under and pursuant to this Agreement, on behalf of himself as Trustee, the Debtor, or the Debtor's estate, until such time as they are satisfied in full or rendered moot; or (ii) any claims relating to any breach of the obligations arising under and pursuant to this Agreement.

8. **Not an Admission of Liability**. This Agreement constitutes a negotiated settlement and does not in any way constitute an admission of liability or wrongdoing on behalf of any Party.

5

9. **Binding Effect**. Subject to Court approval, this Agreement is binding upon the Parties hereto and their successors and assigns.

10. **Representation by the Parties**. The Parties acknowledge that they are entering into this Agreement knowingly and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by independent legal counsel of their choice with respect to this Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Agreement and regard the same to be fair and reasonable.

11. **Choice of Law and Jurisdiction**. This Agreement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New York and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Court.

12. **No Waiver**. No failure or delay by either Party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

13. **Severability**. The invalidity, illegality, or unenforceability of any provision of this Agreement shall not affect any other provision of this Agreement, which Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

14. **Entire Agreement**. This Agreement constitutes the entire agreement between the Parties and this Agreement cannot be orally altered, amended, or modified. It is the intention of

the Parties that this paragraph be construed as a merger clause, and that this Agreement be construed as an integrated document.

15. **Representations of Authority**. The persons signing below each represent and warrant that he/she has the authority to enter into this Agreement on behalf of the Party on whose behalf he/she so signs, however, the Trustee's authority is subject to Court approval.

16. **Costs**. Except as set forth herein, each party to this Agreement shall bear its own attorneys' fees and costs.

17. **Counterparts**. This Agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Agreement, to produce or account for more than one (1) counterpart.

18. **Signatures By Fax or Scan**. A facsimile or scan (by PDF or other format) evidencing signature on this Agreement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Agreement, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Agreement bearing original signatures of the Parties, other than signatures by facsimile or scan as permitted hereunder.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date set forth above in the Recitals.

| | | | |
|---|---|---|---|
| Dated: | San Jose, California<br>August 3, 2024 | Dated: | New York, New York<br>August 1, 2024 |
| | **CATALYST BUSINESS<br>   PARTNERS LLC** | | **KLESTADT WINTERS JURELLER<br>   SOUTHARD & STEVENS, LLP** |
| By: | */s/ Anupam Awasthi*<br>Anupam Awasthi<br>Chief Executive Officer<br>6203 San Ignacio Avenue, Suite 110<br>San Jose, CA 95119<br>Telephone: (408) 281-7100<br>Email:  anupam.awasthi@catalyst-<br>   us.com | By: | */s/ Kathleen M. Aiello*<br>Fred Stevens<br>Brendan M. Scott<br>Kathleen M. Aiello<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Telephone: (212) 972-3000<br>Email: fstevens@klestadt.com<br>         bscott@klestadt.com<br>         kaiello@klestadt.com |
| | *Defendant, Catalyst Business<br>   Partners LLC* | | *Special Litigation Counsel to Plaintiff<br>   Yann Geron, Chapter 7 Trustee* |

8