**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Katheleen M. Aiello
Andrew C. Brown

*Special Litigation Counsel to Plaintiff Yann*
 *Geron, Chapter 7 Trustee*

**Presentment Date: March 31, 2025**
**Presentment Time: 12:00 p.m. (EST)**

**Objection Deadline: March 30, 2025**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x
In re                                                 :
                                                      :      Chapter 7
JAR 259 FOOD CORP.,                                   :
                                                      :      Case No. 22-40304 (JMM)
                           Debtor.                    :
-----------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of                   :
Jar 259 Food Corp.,                                   :
                                                      :
                                                      :
                           Plaintiff,                 :
                                                      :
                                                      :
             -against-                                :      Adv. Pro. No. 24-01029 (JMM)
                                                      :
                                                      :
                                                      :
351 VS KAUR FARMS, INC., KULJIT KAUR                  :
AND AMANDEEP SINGH,                                   :
                                                      :
                           Defendants.                :
-----------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of                   :
Jar 259 Food Corp.,                                   :
                                                      :
                                                      :
                           Plaintiff,                 :
                                                      :
                                                      :
             -against-                                :      Adv. Pro. No. 24-01030 (JMM)
                                                      :
                                                      :
                                                      :
ACCUFAST HOLDINGS, LLC d/b/a/                         :
SECURITY TITLE SERVICES, CATALYST                     :
BUSINESS PARTNERS LLC, NARINDER                       :
SINGH GAHRA, PRITAM KAUR,                             :

KAMLESH C. MEHTA FAMILY LLC,                          :
KAMLESH MEHTA a/k/a KAMLESH C.                        :
METTA, PARK HILLSIDE REALTY, LLC,                     :
PK BUSINESS CAPITAL INC.,                             :
JAGADEESAN V. POOLA and SILVER                        :
STAR FOODS, INC.,                                     :
                                                     :
                          Defendants.                :
---------------------------------------------------------------x
                                                     :
YANN GERON, as Chapter 7 Trustee of                  :
Jar 259 Food Corp.,                                  :
                                                     :
                                                     :
                          Plaintiff,                 :
                                                     :
          -against-                                  :          Adv. Pro. No. 24-01031 (JMM)
                                                     :
                                                     :
101 KAUR FARMS INC., 3350 KAUR                       :
FARMS INC., 22 CAPITAL INC., 225 OAK                 :
LLC, A & A VEGETABLES, INC., A & J                   :
PRODUCE CORP., A & S VEGETABLES,                     :
INC. d/b/a FOOD UNIVERSE                             :
MARKETPLACE, ADVANCE FOOD                            :
INTERNATIONAL INC., AMEET                            :
PROPERTIES LLC, AMERICAN EXPRESS                     :
COMPANY, ARIKUPURATHU INC., AZIZ                     :
SLAUGHTER HOUSE LIVE STOCK INC.,                     :
a/k/a SLAUGHTER HOUSE, BABCO FOODS                   :
INTERNATIONAL LLC, BCB BANCORP.,                     :
INC., BEST FOODS NJ, INC., BHAVANI                   :
FRUIT & VEGETABLE, LLC, CHETAK                       :
NEW YORK LLC, COBALT FUNDING                         :
SOLUTIONS LLC, CONSOLIDATED                          :
EDISON COMPANY OF NEW YORK, INC.                     :
A/K/A CONED, DELIGHT FOODS USA LLC,                  :
EVOLUTION MANAGEMENT CORP.,                          :
FARMERS CHOICE LLC, HABIB                            :
AMERICAN BANK a/k/a HAB BANK,                        :
HOUSE OF SPICES (INDIA), INC., ITRIA                 :
VENTURE LLC, JALARAM PRODUCE,                        :
INC., JOHNS FAMILY FISH MARKET                       :
CORP., KAUR FARMS INC., LEGACY                       :
CAPITAL 26 LLC, LONG ISLAND POWER                    :
AUTHORITY, LOUIS MILELLA & SON                       :

2

INC., MANHATTAN BEER DISTRIBUTORS      :
OF LONG ISLAND INC., MNK                           :
ENTERPRISES LLC, MR. ADVANCE LLC,     :
OM VEGETABLE INC., OM LIQUORS INC.,   :
PARKVIEW ADVANCE LLC, PRODUCE          :
SOURCE INTERNATIONAL LLC, R BEST       :
PRODUCE INC. S. KATZMAN PRODUCE       :
INC., STALLER ASSOCIATES INC. a/k/a       :
STALLER ASSOCIATES REALTY, THE          :
MEKKATTI GROUP LLC a/k/a MEKKATTI     :
GRAPHICS, THOMAS WEISS &                      :
ASSOCIATES P.C., TRIBORO WHOLESALE   :
INC., TRIVEDI LAW GROUP P.C., TWO        :
BROTHERS FOR WHOLESALE CHICKEN      :
INC., VLS FARMS INC., WESTMINSTER       :
MEAT PACKING INC., ZWICKER &              :
ASSOCIATES, P.C., AND JANE and JOHN      :
DOES,                                                                :
                                                                          :
                                   Defendants.          :
-----------------------------------------------------------x

## CHAPTER 7 TRUSTEE'S NOTICE OF PRESENTMENT OF AMENDED PROCEDURES ORDER GOVERNING THOSE CERTAIN ADVERSARY PROCEEDINGS EXTENDING MEDIATION END DATE <u>FROM APRIL 1, 2025, TO SEPTEMBER 19, 2025</u>

TO ALL CREDITORS AND PARTIES IN INTEREST OF THE DEBTOR, ALL ADVERSARY PROCEEDING DEFENDANTS, AND THE OFFICE OF THE UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE**, that on July 30, 2024, the Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") entered four separate orders (collectively, the "<u>Procedures Orders</u>")[1] in the above-captioned bankruptcy proceeding (the "<u>Bankruptcy Case</u>"), and the above-captioned adversary proceedings (collectively, the "<u>Adversary Proceedings</u>"), approving the *Chapter 7 Trustee's Motion for an Order Establishing Streamlined Procedures Governing Certain Adversary Proceedings against "Insiders", Direct and Subsequent Transferees Brought by the Chapter 7 Trustee Pursuant to Sections 502, 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code and New York State Law* [Bankr. Case No. 337; AP Case No. 24-01029, Adv. Pro. Docket No. 11; AP Case No. 24-01030, Adv. Pro. Docket No. 11; and AP Case No. 24-01031, Adv. Pro. Docket No. 30, respectively] (the "<u>Procedures Motion</u>")[2], filed by Yann Geron

---

[1] Each of the four orders are docketed as ECF No. 348 in the Bankruptcy Case, and AP Case No. 24-01029, Adv. Pro. Docket No. 15, AP Case No 24-01030, Adv. Pro. Docket No. 35, and AP Case No. 24-01031, Adv. Pro. Docket No. 69, respectively, in the Adversary Proceedings.

[2] Capitalized terms use but not otherwise defined herein shall have the meanings ascribed to them in the Procedures Motion.

(the "Trustee"), as the Chapter 7 Trustee of the estate of Jar 259 Food Corp. and the plaintiff in the Adversary Proceedings; and

**PLEASE TAKE NOTICE**, that the Procedures Orders originally set April 1, 2025, as the Mediation End Date, as that term is defined in Exhibit A to the Procedures Orders at ¶ 18, "unless extended upon consent of the Parties with the approval of this Court […]"; and

**PLEASE TAKE NOTICE**, that the mediations in the Adversary Proceedings are ongoing and the Trustee and the defendants in those Adversary Proceedings require more time to complete them; and

**PLEASE TAKE NOTICE**, that the Trustee seeks the Bankruptcy Court's authority to extend the Mediation End Date as set forth in the Procedures Order from April 1, 2025, to September 19, 2025 (the "New Mediation End Date"), all as set forth in the Amended Procedures Order attached hereto as **Exhibit "A"** (the "Amended Procedures Order"), and, to that end, the Trustee will present the Amended Procedures Order for approval by the Honorable Jil Mazer-Marino, Jr., United States Bankruptcy Judge, in chambers, United States Bankruptcy Court, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, New York 11201 (the "Court"), on **March 31, 2025, at 12:00 p.m. (EST)**.

**PLEASE TAKE FURTHER NOTICE**, that objections (each, an "Objection"), if any, to the Amended Procedures Order and the extension of the Mediation End Date to September 19, 2025, shall be filed as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 476), which may be accessed through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, and (ii) in portable document format (PDF) Case using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope. A hard copy of the objection, whether filed pursuant to section (a) or (b), as set forth in this paragraph, shall be served upon: (i) Klestadt Winters Jureller Southard & Stevens LLP, Special Litigation Counsel to the Trustee, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Kathleen Aiello, Esq.; and (ii) the United States Trustee, Office of the United States Trustee, Eastern District of New York (Brooklyn Office), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Jeremy S. Sussman, Esq., so as to be actually received no later than **March 30, 2024, at 5:00 p.m. (EST)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE**, that unless a written Objection to the Amended Procedures Order is timely filed prior to the Objection Deadline, together with proof of service, and delivered as set forth in the foregoing paragraph, the Trustee will submit the Amended Procedures Order to the Bankruptcy Court for entry on the dockets for each of the Bankruptcy Case and each of the Adversary Proceedings.

**PLEASE TAKE FURTHER NOTICE**, that if a written Objection is timely filed by the Objection Deadline, a hearing on the Agreement will be scheduled on a date to be determined.

Dated:   New York, New York
March 17, 2025

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**

By:   _/s/ Kathleen M. Aiello_ _____
Kathleen M. Aiello
Andrew C. Brown
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: kaiello@klestadt.com
abrown@klestadt.com

_Special Litigation Counsel to Plaintiff Yann_
_Geron, Chapter 7 Trustee_

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re                                              :

                                          :         Chapter 7

JAR 259 FOOD CORP.,                                 :

                                          :         Case No. 22-40304 (JMM)

                    Debtor.                    :

------------------------------------------------------------x

YANN GERON, as Chapter 7 Trustee of                :
Jar 259 Food Corp.,                                :

                                          :

                    Plaintiff,               :

                                          :

              -against-                     :         Adv. Pro. No. 24-01029

                                          :         (JMM)

                                          :

351 VS KAUR FARMS, INC., KULJIT KAUR           :
AND AMANDEEP SINGH,                                :

                                          :

                    Defendants.                :

------------------------------------------------------------x

YANN GERON, as Chapter 7 Trustee of                :
Jar 259 Food Corp.,                                :

                                          :

                    Plaintiff,               :

                                          :

              -against-                     :         Adv. Pro. No. 24-01030

                                          :         (JMM)

                                          :

ACCUFAST HOLDINGS, LLC d/b/a/                      :
SECURITY TITLE SERVICES, CATALYST              :
BUSINESS PARTNERS LLC, NARINDER             :
SINGH GAHRA, PRITAM KAUR,                         :
KAMLESH C. MEHTA FAMILY LLC,                      :
KAMLESH MEHTA a/k/a KAMLESH C.                    :
METTA, PARK HILLSIDE REALTY, LLC,            :
PK BUSINESS CAPITAL INC.,                          :
JAGADEESAN V. POOLA and SILVER                     :
STAR FOODS, INC.,                                  :

                                          :

                    Defendants.                :

------------------------------------------------------------x

YANN GERON, as Chapter 7 Trustee of       :
Jar 259 Food Corp.,                        :
                                           :
        Plaintiff,                        :
                                           :
    -against-                           :    Adv. Pro. No. 24-01031
                                           :    (JMM)
                                           :
101 KAUR FARMS INC., 3350 KAUR             :
FARMS INC., 22 CAPITAL INC., 225 OAK       :
LLC, A & A VEGETABLES, INC., A & J         :
PRODUCE CORP., A & S VEGETABLES,           :
INC. d/b/a FOOD UNIVERSE                    :
MARKETPLACE, ADVANCE FOOD                   :
INTERNATIONAL INC., AMEET                    :
PROPERTIES LLC, AMERICAN EXPRESS           :
COMPANY, ARIKUPURATHU INC., AZIZ           :
SLAUGHTER HOUSE LIVE STOCK INC.,           :
a/k/a SLAUGHTER HOUSE, BABCO FOODS         :
INTERNATIONAL LLC, BCB BANCORP.,           :
INC., BEST FOODS NJ, INC., BHAVANI         :
FRUIT & VEGETABLE, LLC, CHETAK             :
NEW YORK LLC, COBALT FUNDING               :
SOLUTIONS LLC, CONSOLIDATED                :
EDISON COMPANY OF NEW YORK, INC.           :
A/K/A CONED, DELIGHT FOODS USA LLC,        :
EVOLUTION MANAGEMENT CORP.,                :
FARMERS CHOICE LLC, HABIB                  :
AMERICAN BANK a/k/a HAB BANK,              :
HOUSE OF SPICES (INDIA), INC., ITRIA       :
VENTURE LLC, JALARAM PRODUCE,              :
INC., JOHNS FAMILY FISH MARKET             :
CORP., KAUR FARMS INC., LEGACY             :
CAPITAL 26 LLC, LONG ISLAND POWER          :
AUTHORITY, LOUIS MILELLA & SON             :
INC., MANHATTAN BEER DISTRIBUTORS          :
OF LONG ISLAND INC., MNK                   :
ENTERPRISES LLC, MR. ADVANCE LLC,          :
OM VEGETABLE INC., OM LIQUORS INC.,        :
PARKVIEW ADVANCE LLC, PRODUCE              :
SOURCE INTERNATIONAL LLC, R BEST           :
PRODUCE INC. S. KATZMAN PRODUCE            :
INC., STALLER ASSOCIATES INC. a/k/a        :
STALLER ASSOCIATES REALTY, THE             :
MEKKATTI GROUP LLC a/k/a MEKKATTI          :
GRAPHICS, THOMAS WEISS &                   :

ASSOCIATES P.C., TRIBORO WHOLESALE :
INC., TRIVEDI LAW GROUP P.C., TWO :
BROTHERS FOR WHOLESALE CHICKEN :
INC., VLS FARMS INC., WESTMINSTER :
MEAT PACKING INC., ZWICKER & :
ASSOCIATES, P.C., AND JANE and JOHN :
DOES, :
                 :
              Defendants. :
----------------------------------------------------------x

### AMENDED ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING CERTAIN ADVERSARY PROCEEDINGS AGAINST "INSIDERS" AND SUBSEQUENT TRANSFEREES BROUGHT BY THE CHAPTER 7 TRUSTEE PURSUANT TO SECTIONS 502, 544, 547, 548, 550 AND 551 OF THE BANKRUPTCY CODE AND NEW YORK STATE LAW

Upon the *Chapter 7 Trustee's Notice of Presentment of Amended Procedures Order Governing Those Certain Adversary Proceedings And Extending Mediation End Date from April 1, 2025, to September 19, 2025* [Bankr. Case Docket No. __; AP Case No. 24-01029, Adv. Pro. Docket No. ___; AP Case No. 24-01030, Adv. Pro. Docket No. ___; AP Case No. 24-01031, Adv. Pro. Docket No. ___] (the "Notice of Presentment")[1], filed by Yann Geron (the "Trustee"), the Chapter 7 Trustee of the estate of Jar 259 Food Corp. (the "Debtor") in connection with the above-captioned case (the "Bankruptcy Case") and the above-captioned adversary proceedings, by and through his special litigation counsel, Klestadt Winters Jureller Southard & Stevens LLP, for entry of an amended order (the "Amended Procedures Order") establishing streamlined procedures governing certain of the adversary proceedings brought by the Trustee to avoid and recover certain transfers and/or to disallows claims pursuant to Sections 502, 544, 547, 548, 550 and 551 of the Bankruptcy Code and New York State law from the Defendants as set forth on **Schedules A through D** to the *Chapter 7 Trustee's Motion for an Order Establishing Streamlined Procedures*

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Notice of Presentment or the Amended Procedures Order.

3

*Governing Certain Adversary Proceedings against "Insiders", Direct and Subsequent Transferees Brought by the Chapter 7 Trustee Pursuant to Sections 502, 544, 547, 548, 549, 550 and 551 of the Bankruptcy Code and New York State Law* [Bankr. Case No. 337; AP Case No. 24-01029, Adv. Pro. Docket No. 11; AP Case No. 24-01030, Adv. Pro. Docket No. 11; and AP Case No. 24-01031, Adv. Pro. Docket No. 30, respectively] (the "<u>Procedures Motion</u>")[2], solely for the purpose of extending the Mediation End Date, as that term is defined in the Procedures Order, from April 1, 2025, to September 19, 2025; and the Court having jurisdiction to consider and determine the Notice of Presentment as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334 and the Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Notice of Presentment has been given under the circumstances; and it appearing that no other or further notice need be provided; and after due deliberation the Court having determined that the legal and factual bases set forth in the Notice of Presentment establish good and sufficient cause for the relief granted herein; and such relief is in the best interests of the Trustee, the Debtor's estate, its creditors and all parties in interest, including the Defendants named in the Insider Avoidance Actions in that it will facilitate the prompt, economical, and fair determination and resolution of the Insider Avoidance Actions; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Notice of Presentment be, and hereby is, **GRANTED**.

---

[2] The Trustee's original Procedures Motion was filed in July 2024 and approved by the Bankruptcy Court on July 30, 2024.

2.      The Amended Insider Avoidance Action Procedures are hereby approved and all parties to the Insider Avoidance Actions shall be governed by the procedures, as amended, which are attached hereto as **Exhibit A** (the "<u>Amended Insider Avoidance Action Procedures</u>") and incorporated herein by reference.

3.      The time periods set forth in this Amended Procedures Order and the Amended Insider Avoidance Actions Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Amended Procedures Order and the Amended Insider Avoidance Actions.

5.      This Amended Procedures Order shall be effective immediately upon its entry and the relief set forth herein retroactive to the date the Trustee filed the Amended Insider Avoidance Actions.

# Exhibit A

**Exhibit A**

**Jar 259 Food Corp., Debtor; Case No. 22-40304 (JMM)**

**AMENDED INSIDER AVOIDANCE ACTION PROCEDURES**

**A. Effectiveness of the Procedures Order**

1. The Procedures Order shall apply to all Defendants in the Insider Avoidance Actions listed on **Schedules A through D** annexed to the Motion.

2. The Procedures Order will not alter, affect, or modify the rights of Defendants to seek a jury trial, to withdraw the reference, or to otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B. Extensions of Time to Answer or File Other Responsive Pleading to Complaint**

3. Defendants may receive up to six (6) thirty (30) day extensions of the time to file an answer or other responsive pleading to a complaint filed in the Insider Avoidance Actions may from the date set forth in the applicable summons (the "Response Deadline"). This is inclusive of any extensions already consented to by the Trustee.  The Trustee shall be permitted to grant each requesting Defendant up to six (6) extensions of the Response Deadline without a written stipulation or agreement and without a specific order of the Court.  Nothing herein shall preclude the Trustee from voluntarily entering into written stipulations with any of the Defendants to extend the Response Deadline.

    Upon a Defendant's second request for extension of the Response Deadline, the further extension requires the Defendant's agreement to waive its right to contest that service of the complaint was proper.

**C. Waiver of Requirement to Conduct Pretrial Conference**

4. The pretrial conference requirement set forth in Federal Rule of Civil Procedure 16, made applicable to the Insider Avoidance Actions pursuant to Bankruptcy Rule 7016, is waived and is not applicable with respect to the Insider Avoidance Actions unless and until the Mediation process (as detailed in Section E below) has concluded and the Parties are prepared to commence discovery.  Neither the Trustee nor any Defendant shall be required to appear at any initial pretrial conference, including any initial pretrial conference originally scheduled pursuant to Local Rule 7016-2, until the Mediation process has

concluded.  The Trustee will file status reports for each of the Insider Avoidance Actions with the Bankruptcy Court every sixty (60) days commencing on August 1, 2024.

**D.  Waiver of Requirement to Conduct Scheduling Conference**

5.   The mandatory meeting requirement set forth in Federal Rule of Civil Procedure 26(f), made applicable to the Insider Avoidance Actions pursuant to Bankruptcy Rule 7026, is hereby waived and is not applicable with respect to the Insider Avoidance Actions.  Thus, the parties to the Insider Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E.  Discovery, Mediation, and Dispositive Motion Schedule**

6.   All formal discovery in each of the Insider Avoidance Actions is stayed until the mediation process (set forth below) is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Insider Avoidance Action, the Trustee and Defendant from informally exchanging documents and information in an attempt to resolve such Insider Avoidance Action in advance of, or during, the mediation.

7.   Any Insider Avoidance Action that has not been resolved and/or settled within ninety (90) days from the date the answer is filed (the "Mediation Trigger Date"), unless otherwise agreed to be extended on consent of the parties or unless the defendant in the Insider Avoidance Action has filed a motion to dismiss (the "Remaining Insider Avoidance Actions"), shall be referred to mandatory mediation ("Mediation") and the Mediation process that is further detailed in paragraphs 8 to 19 below.  Nothing herein shall prevent the parties from agreeing to commence mediation sooner than the Mediation Trigger Date. The Mediation will be privileged, confidential and subject to all the protections of Federal Rule of Evidence 408 and its state law equivalents. The proceedings, discussions and written materials associated with the Mediation process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation process operate as an admission of liability, wrongdoing or responsibility, other than to prove that a party failed to comply with the Mediation process.  All proceedings and writings incidental to the Mediation process shall be privileged and confidential and shall not be reported or placed in evidence.

8.   Within fourteen (14) days of the Mediation Trigger Date, the Defendants in the Remaining Insider Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator", collectively, the "Mediators") (the "Mediator List") attached as **Exhibit 2** to the Motion.  Defendants may elect to propose a different mediator than one listed on the Mediator List, from the Eastern District of New York Mediator List to the

Trustee, for his consideration, provided that, the proposed mediator agree to be bound for the Mediation Procedures set forth herein. Concurrently, Defendants in the Remaining Insider Avoidance Actions shall notify Plaintiff's counsel of their choice of Mediator by contacting Special Litigation Counsel for the Trustee, Kathleen Aiello, Klestadt Winters Jureller Southard and Stevens LLP, in writing, via email at **kaiello@klestadt.com** or via letter correspondence addressed to 200 West 41st Street, 17th Floor, New York, New York 10036. If a Defendant in a Remaining Insider Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Insider Avoidance Action to one of the Mediators from the Mediator List. The Trustee shall have an opportunity to reject a Defendant's proposal for a mediator who is not on the Mediator List, but such rejection must include a proposal for a different mediator from the Eastern District of New York Mediator List. If the Defendant rejects such selection, the Trustee and the Defendant shall submit a letter to the Bankruptcy Court regarding the impasse reached with respect to mediator selection and the parties shall request a conference before the Court regarding same.

9.  Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether he/she has any conflicts with the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. The Mediators shall be required to file disclosures, if any, prior to the scheduling of any mediations in the Insider Avoidance Actions. If the selected Mediator abstains, Defendant will be given another fifteen (15) days to select an alternate Mediator as described in Paragraph 8 above. For the avoidance of doubt, each of the proposed mediators on the Mediator List (See Exhibit 2 to the Procedures Motion) has undertaken a preliminary conflict check prior to being added to the Mediator List filed in connection with the Trustee's Procedures Motion.

10. Upon the selection of a Mediator, the Plaintiff, working with the Mediator, will commence scheduling the Mediation. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for Mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of the Mediation. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. The Mediation will then be scheduled on a first-come, first-served basis.

11. Plaintiff will give at least twenty-one (21) calendar days' written notice of the first date, time, and place of the Mediation in each Remaining Insider Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant. Service by email upon the applicable Defendant, by and through its counsel, is acceptable.

12. Insider Avoidance Actions will be mediated either: (1) virtually on a web-based video via a mutually agreeable platform between and among the Mediator and the parties to the

Mediation, which is preferred; or, alternatively (2) in the New York, New York metro area, at the law office of the Trustee's special litigation counsel, the Mediator's office, or at another location to be determined by the Mediator after consideration of the parties' requests.  Local Rule 9019-1 and the Court's General Order M-452 concerning mediation procedures shall govern the mediations, except as otherwise set forth herein.

13. At least fourteen (14) days before the scheduled Mediation, the Trustee and the applicable Defendant will be required to exchange position statements and to provide such statements to the selected Mediator, except to the extent that confidential information may be shared solely with the Mediator.  The Mediator will have full authority to determine the nature and the order of the parties' presentations, and she/he may implement additional procedures as are reasonable, practical and appropriate under the circumstances.  If any party fails to make required submissions or to attend the Mediation as scheduled, the non-defaulting party may file a motion for default judgment or to dismiss the Insider Avoidance Action, as applicable.  The non-defaulting party shall promptly (within 5 calendar days of the default) file with the Court a notice when the other party fails to comply with the mediation procedures set forth herein.  Nothing herein shall prevent the Mediator from filing a letter or otherwise providing notice to the Court that one or more of the parties to a Mediation has not been acting in good faith.  The Court, in its discretion, may schedule a conference to address the issues presented in the letter to the Court.

14. The Parties are expected to participate in Mediation in good faith with a view towards settling the Insider Avoidance Actions.  Accordingly, each Mediation must be attended in person by a representative of the Defendant with full settlement authority (and if a Defendant is represented by counsel, their counsel) as well as special litigation counsel for the Trustee (who must have settlement authority from the Trustee, as the Trustee shall not be required to attend each Mediation in person). The Mediator will preside over the Mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances. Should a dispute arise between and among the parties with respect to the scheduling and logistics of the Mediation, which the Mediator is unable to resolve, then a party may apply to the Court via a letter to Judge Mazer-Marino's chambers that is filed on the docket for the applicable Insider Avoidance Action in advance of the scheduled Mediation outlining the issues and requesting a ruling thereon.  The Court, in its discretion, may schedule a conference to address the issues presented in the letter to the Court. If the Court determines that a party is not cooperating in good faith with the Mediation procedures, as set forth herein, the Court may consider the imposition of sanctions.  Additionally, if either party to the Mediation is not acting in good faith, the opposite party may file a motion for sanctions with the Court.  Litigation with respect to the issuance of sanctions shall not delay the

commencement of the Mediation.  Sanctions may include, but are not limited to, attorneys' fees and costs of the Mediator.

15. Within seven (7) calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Insider Avoidance Action, which shall be limited to stating only a) compliance or non-compliance with the Procedures Order and b) whether the Remaining Insider Avoidance Action settled or did not settle.

16. The Parties shall share equally in the Mediator's fees, which shall be incurred on an hourly basis as agreed upon by the Parties and the Mediator.  In advance of the mediation and at the time Defendant provides the Mediator with its mediation or position statement, Defendant shall also pay a retainer to the Mediator in the amount of 10% of the total demand or $2,500, whichever is greater (the "Mediation Retainer").  Each Defendants' initial Mediation Retainer will be capped at $7,500, on the condition that if the parties choose to pursue mediation beyond the date of the (first) mediation session, the Mediation Retainer shall be increased to $10,000, with the incremental $2,500 to be paid before post-mediation services are rendered by the Mediator.  The Mediator shall hold the Mediation Retainer during the Mediation and will apply it against 50% of the fees incurred in the Mediation.  The remaining 50% of the Mediator's fees will be invoiced to the Trustee.  The Mediator will return any unused portion of the Mediation Retainer to the Defendant upon the conclusion of the Mediation; however, the Mediator will be entitled to bill their time for preparation of cases which settle prior to Mediation.

17. No Mediator shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or their agents, partners or employees or their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the Mediation or the subject matter of the Mediation, nor (b) shall be liable to any party for any act or omission in connection with any Mediation conducted pursuant to the Procedures Order.  Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report unless the Mediator is otherwise ordered by the Court.  However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with these Mediation procedures or in the event a party is seeking sanctions pursuant to paragraph 15 above.

18. The Mediation with respect to the Remaining Insider Avoidance Actions must be concluded by ~~April 1~~September 19, 2025 (the "Mediation End Date"), unless extended upon consent of the Parties with the approval of this Court or with respect to Defendants whose motion

to dismiss may still be pending before the Bankruptcy Court (the "<u>Extended Mediation End Date</u>").

19. Following the conclusion of any Mediation that has not settled, the Mediation End Date or the Extended Mediation End Date, whichever is first, the relevant parties shall have thirty (30) days to provide the disclosures required under Rule 7026(a)(1) (the "<u>Initial Disclosures</u>") to the other party.

20. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party at any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served by no later than forty-five (45) days after the Mediation End Date or the Extended Mediation End Date.

21. The parties to the Insider Avoidance Actions shall have through and including one hundred and eighty (180) days from the Mediation End Date or the Extended Mediation End Date to complete non-expert fact discovery, including depositions of fact witnesses.

22. Unless the parties agree to a broader scope of discovery, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to nonprivileged matters (i) that are properly discoverable under the Bankruptcy Rules; and (ii) relate solely to the Insider Avoidance Actions.

23. Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Insider Avoidance Actions.

24. Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, shall apply to the Insider Avoidance Actions.

25. Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Insider Avoidance Actions.

26. Should a discovery dispute arise, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute.  If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery dispute, the complainant shall file with the Court and email to the Court's chambers, copying counsel for the respondent, a letter outlining said issues.  The respondent must reply within two (2) business days by filing a letter on the docket with a copy email to the Court's chambers, copying counsel for the movant.  The letter, excluding exhibits, shall be no longer than two (2) pages.  The Court shall then inform the parties if it will require a conference or formal motion.  At any ensuing

conference or hearing on a motion, the Court will ask the parties about their prior efforts to resolve the dispute.

27. Pursuant to the Federal Rule of Civil Procedure 26(a)(2), made applicable pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by Plaintiff on insolvency), and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtor, such report, if any, shall be made on or before September 12, 2025, unless extended upon the mutual consent of the Parties or in cases where the Extended Mediation Date applied, in which case such report will be made on or before a date mutually agreeable to the Parties or set by the Court.

28. Federal Rule of Civil Procedure 26(a)(2) made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) Plaintiff's report on the insolvency of the Debtor, if any, shall be made to the adverse party on or before October 31, 2025.

29. All expert discovery, including expert witness depositions, shall be concluded on or before December 2, 2025, unless extended upon the mutual consent of the Parties or in cases where the Extended Mediation Date applied, in which case such report will be made on or before a date mutually agreeable to the Parties or set by the Court.

30. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Insider Avoidance Actions with respect to supplementation of discovery responses.

31. All dispositive motions shall be filed and served at any time after the Mediation Process but before March 31, 2026. Rule 7056-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") governing dispositive motions in adversary proceedings shall apply, unless extended upon the mutual consent of the Parties or in cases where the Extended Mediation Date applied, in which case such report will be made on or before a date mutually agreeable to the Parties or set by the Court. Notwithstanding Local Rule 7005-1, the party filing or opposing such dispositive motion shall be allowed to introduce such exhibits as needed to meet its burden of proof or rebut such burden.

## F.  Settlement Parameters

32. The Trustee, in his business judgment, is authorized to settle any litigation claims and/or causes of action set forth in the Insider Avoidance Actions at or above $175,000 in Settlement Value (the "Large Settlements"). With respect to any Large Settlements, the

Trustee shall be required to seek approval of the Bankruptcy Court, by filing a motion upon notice to all creditors and parties-in-interest (the "Notice Parties") in accordance with Bankruptcy Rule 9019 or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules. The Trustee will request a hearing before the Court on the motion to approve the Large Settlements.

33. The Trustee, in his business judgment, is also authorized to settle any litigation claims and/or causes of action set forth in the Insider Avoidance Actions that fall below $175,000 in Settlement Value (the "Small Settlements"); however, the Trustee may settle or resolve the Small Settlements without the need for a motion and hearing pursuant to Bankruptcy Rule 9019. Rather, on a monthly basis, the Trustee may file and serve notice of the contemplated Small Settlements upon all the Notice Parties as defined in the Procedures Order. The notice should include the salient settlement terms and the related fully executed settlement agreements that were finalized within the prior month (the "Small Settlement Report"). Unless the Court directs otherwise or a party files an objection to any of the Small Settlements within fourteen (14) days of the filing of the Small Settlement Report, then the Court may enter an order or otherwise "so-order" the Small Settlement without a hearing.

34. If any of the Notice Parties properly and timely object to any of the Small Settlements by the objection deadline set forth therein, and the Trustee, in his sole discretion, still desires to entered into the proposed Small Settlement, the approval of the settlement shall conditioned upon (a) resolution of the objection by the parties in question; or (b) further order of this Court after notice and a hearing.

35. The Settlement Procedures authorize the Trustee to release his claims against creditor or third parties from avoidance claims that have or may be asserted by the Trustee, provided that the Trustee complies with the Settlement Procedures.

36. All time periods set forth in these Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

37. For the purpose of the Procedures Order and these Settlement Procedures the term "Settlement Value" shall mean the fair market value of cash, property, claims or other consideration to be received by the Trustee on behalf of the Debtor's estate to resolve any claim or demand set forth in an Insider Avoidance Action.

38. The Trustee is authorized and empowered to execute and deliver any such settlement agreements and documents and to take and perform all reasonable actions necessary to implement and effectuate these Settlement Procedures.

**G. Miscellaneous**

39. If, after dispositive motions have been filed by a particular Defendant in an Insider Avoidance Action and a decision on the same does not resolve the matter, the Insider Avoidance Action against that particular Defendant shall be scheduled for a trial date that is convenient to the Court's calendar.  Parties should be ready to proceed to trial within six (6) weeks after the Court renders such decision.